Justin Steffen
*Attorney for Plaintiff*
Steffen Legal Services, LLC
2100 SE Lake Rd. #5
Milwaukie, OR 97222
971-570-9225
info@steffenlegal.com

# UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF OREGON

### PORTLAND DIVISION

| | |
|---|---|
| **JOAN SCHRADER** and **SPECIALTY FAMILY HOMES, LLC,**<br><br>Plaintiffs,<br><br>v.<br><br>**FARIBORZ PAKSERESHT**, in his official and individual capacity,<br><br>Defendant. | **Case No.:  3:22-cv-01957-SB**<br><br>**MOTION FOR PRELIMINARY INJUNCTION**<br><br>**FRCP 65**<br><br>**ORAL ARGUMENT REQUESTED** |

PLAINTIFFS, through their attorney Justin Steffen, move the court for a preliminary injunction, barring Defendant from implementing and enforcing OAR 411-450-0060(6). This motion is further supported by the *Declaration of Joan Schrader*, filed concurrently herewith.

**BACKGROUND**

The 'Community First Choice Medicaid Program' is a federal program authorized under 42 U.S.C. 1396n(k) (known in Oregon as the 'Oregon K Plan'). This program allows Oregon residents who are eligible for the state Medicaid plan and who also require an institutional level of care to receive attendant care assistance to perform daily living activities. In exchange for

**MOTION FOR PRELIMINARY INJUNCTION**
Page 1 of 9

participating in this program, the State of Oregon receives additional federal funds to help pay for the cost of the services provided.

Plaintiffs deliver Community Based Services to disabled individuals who reside in the homes of their caregivers, also known as "providers". Plaintiff SFH, LLC employs these caregivers, paying them wages, and in turn receives reimbursement from the state of Oregon. Since 2015, this has been a successful model for both the caregivers and the disabled individuals. It allows these individuals to participate in their community to the fullest extent possible and makes it much easier for them to receive the care they need. *Declaration of Joan Schrader.*

In 2022, Defendant, as the head of Oregon's Department of Human Services, proposed new administrative rules that restrict where disabled individuals are allowed to live. Specifically, Oregon's Office of Developmental Disabilities Services (part of Oregon's Department of Human Services) has proposed the following addition to OAR 411-450-0060(6):

"(6) SETTING LIMITATIONS.
   (a) An individual may receive community living supports if the individual:

   (A) Resides in a setting the individual owns, leases, or rents or is on the property deed, mortgage, or title.

   (B) Resides in a setting, either through an informal arrangement or rental agreement, owned, leased, or rented by a family member.

   (C) Has no permanent residence.

   (b) An individual is ***not eligible*** [emphasis added] for community living supports, other than DSA, if the individual resides in one of the following:

   (A) A provider-owned dwelling or a provider-rented dwelling through an informal or formal agreement.

   (B) A provider owned, controlled, or operated setting."

These rules took effect on 12/20/2022 and will destroy Plaintiffs' business operations. Plaintiffs will no longer be able to provide community living supports to any of SFH's clients (who are all disabled) that currently reside with their caregivers. Not only will this new rule

**MOTION FOR PRELIMINARY INJUNCTION**
Page 2 of 9

make Plaintiffs' current business model illegal, but it will leave SFH clients without caregivers. Each of the individuals currently under the care of SFH require the care of 5 or 6 highly trained attendant providers, some of whom own or rent the homes where the disabled person lives. Replacing these providers on such short notice while simultaneously finding new homes for these disabled individuals will be impossible.

**LEGAL STANDARD**

A preliminary injunction is an "extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Winter v. Nat. Res. Defense Council, Inc.*, 555 U.S. 7, 22 (2008). A plaintiff seeking a preliminary injunction generally must show that: (1) he or she is likely to succeed on the merits; (2) he or she is likely to suffer irreparable harm in the absence of preliminary relief; (3) the balance of equities tips in his or her favor; and (4) that an injunction is in the public interest. *Id.* at 20.

Regarding the first prong of this test, the Ninth Circuit has also held that a preliminary injunction may be granted "if there is a likelihood of irreparable injury to plaintiff; there are serious questions going to the merits; the balance of hardships tips sharply in favor of the plaintiff; and the injunction is in the public interest." *M.R. v. Dreyfus*, 697 F.3d 706, 725 (9th Cir. 2012). Thus, at a minimum, there must be serious questions regarding the merits of a plaintiff's claims; not necessarily a showing that a plaintiff is likely to succeed on the merits (in addition to meeting the other three prongs of the *Winter* test). Regardless, Plaintiffs in the present case can show both that serious questions arise and they are likely to succeed on the merits of their claims.

**ARGUMENT**

**1. Plaintiffs are Likely to Succeed on the Merits and/or Serious Questions Arise.**

Implementing the changes to OAR 411-450-0060(6) described above, will be a clear

**MOTION FOR PRELIMINARY INJUNCTION**
Page 3 of 9

violation of Federal law. Specifically:

**The Americans with Disabilities Act (42 USC 12132):**

"No qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." 42 USC 12132.

Defendant's proposed rule would bar disabled individuals from choosing where they live and who they live with, whereas non-disabled individuals have no such restrictions. Plaintiffs have been aggrieved by this discrimination in that their business will be completely shut down if such rule is allowed to go into effect.

Furthermore, 28 C.F.R. § 35.130(b)(7) requires government entities to,

"Make reasonable modifications in policies, practices, or procedures when the modifications are necessary to avoid discrimination on the basis of disability, unless the public entity can demonstrate that making the modifications would fundamentally alter the nature of the service, program, or activity."

A reasonable accommodation for disabled individuals who need community-based services would be to allow them to live with their caregivers. As an alternative to a preliminary injunction barring Defendant from implementing and enforcing OAR 411-450-0060(6), the Court could enjoin Defendant from refusing to offer such a reasonable accommodation.

The Community First Choice Program has been in effect in Oregon since 2013. Defendant cannot seriously argue that making such a reasonable accommodation would fundamentally alter the nature of the program. It would only keep the same terms of the program that were in place prior to 12/20/22.

**The Rehabilitation Act (29 USC 794(a)):**

Similarly, the Rehabilitation Act, prevents public entities who receive federal funds from discriminating against disabled individuals on the basis of their disabilities. For the reasons mentioned above, Defendant's implementation of OAR 411-450-0060(6) also violates the

Rehabilitation Act.

**The Fair Housing Act (42 USC 3604(f)(3)(B)):**

"It shall be unlawful to . . . [Refuse] to make reasonable accommodations in rules, policies, practices, or services, when such accommodations may be necessary to afford such person equal opportunity to use and enjoy a dwelling." 42 USC 3604(f)(3)(B).

Implementing OAR 411-450-0060(6) will deny the disabled individuals who receive care from Plaintiffs the equal opportunity to use and enjoy the dwelling of their choice. Participation in the First Choice Medicaid Program requires that states provide services to disabled individuals, "in the most integrated setting appropriate to the individual's needs, and without regard to the individual's age, type or nature of disability, ***severity of disability*** [emphasis added], or the form of home and community-based attendant services and supports that the individual requires in order to lead an independent life." 42 USC. 1396n(k)(3)(B).

42 CFR 441.530 requires states to make available attendant services and supports in a home and community-based setting to the same degree of access as individuals not receiving Medicaid Home and Community Based Services.

**Medicaid First Choice Program (42 USC 1396):**

Under the Medicaid First Choice Program (of which Oregon is a participant), States must,

"Provide consumer controlled home and community-based attendant services and supports to individuals on a statewide basis, in a manner that provides such services and supports in the most integrated setting appropriate to the individual's needs, and without regard to the individual's age, type or nature of disability, severity of disability, ***or the form of home and community-based attendant services and supports that the individual requires in order to lead an independent life*** [emphasis added]." 42 USC 1396n(k)(3)(B).

The term, "consumer controlled" is defined as:

"A method of selecting and providing services and supports that allow the individual, or where appropriate, the individual's representative, ***maximum control of the home and community-based attendant services and supports, regardless of who acts as the employer of record*** [emphasis added]." 42 USC 1396n(k)(6).

**MOTION FOR PRELIMINARY INJUNCTION**
Page 5 of 9

Furthermore, 42 CFR 441.530(a)(1)(i) requires States to make community-based services and supports availing in a setting that:

> "Is integrated in and supports full access of individuals receiving Medicaid HCBS to the greater community, including opportunities to seek employment and work in competitive integrated settings, engage in community life, control personal resources, and receive services in the community, ***to the same degree of access as individuals not receiving Medicaid HCBS*** [emphasis added]."

According to the plain language of these Federal Medicaid laws and regulations, Defendant cannot discriminate in offering community-based services and supports against individuals based on the severity of their disability or the form of home and community-based services the individual requires. The law also makes clear that the consumer should have the ***maximum*** amount of control of their services and supports.

**2. Plaintiffs are Likely to Suffer Irreparable Harm If a Preliminary Injunction is Not Granted.**

As mentioned above, Plaintiffs' entire business model and sole source of income will be destroyed by these arbitrary rule changes. *Declaration of Joan Schrader*. Perhaps more importantly, these rule changes will force the disabled individuals under the care of Plaintiffs to either vacate their homes or it will force their current caregivers to quit providing care, leaving the disabled individuals to find highly qualified caregivers on extremely short notice.

**3. The Balance of Equities/Hardships Tips in Plaintiffs' Favor.**

Plaintiffs are only asking the Court to maintain the status quo as it existed before 12/20/22. Defendant will incur no hardship if a temporary injunction is granted. They will only be required to abide by the rules that were in place before the amendment of OAR 411-450-

0060(6) at the end of last year.

**4. A Preliminary Injunction is in the Public Interest.**

  In addition to protecting Plaintiffs and the disabled individuals under their care, a preliminary injunction barring OAR 411-450-0060(6) from taking effect will likely benefit other disabled individuals and community care providers who use a similar care model. The Public has an interest in making sure disabled individuals are treated fairly and equally in accordance with The Americans with Disabilities Act, The Rehabilitation Act, The Fair Housing Act, and Federal Medicaid statutes, as described above. Granting a preliminary injunction will ensure that disabled individuals and those who provider their care across the state will continue to receive the same level of care they were entitled to before OAR 411-450-0060(6) took effect.

//

//

//

//

//

//

//

//

//

//

//

//

//

//

**MOTION FOR PRELIMINARY INJUNCTION**
Page 7 of 9

**CONCLUSION**

In summary, Plaintiffs respectfully ask the Court to issue a preliminary injunction that prevents Defendant from implementing and enforcing OAR 411-450-0060(6) until such time as a fair adjudication on the merits of Plaintiffs claims can be heard. No security amount should be required of Plaintiff (per FRCP 65(c)) because Defendant will not incur any costs or damages if they are wrongfully enjoined. They will only be required to operate under the regulations that were in place prior to 12/20/22.

Respectfully submitted on: 1/11/23

By: s/ Justin Steffen
Justin Steffen
*Attorney for Plaintiffs*
Steffen Legal Services, LLC
2100 SE Lake Rd. #5
Milwaukie, OR 97222
971-570-9225
info@steffenlegal.com

**MOTION FOR PRELIMINARY INJUNCTION**
Page 8 of 9

## CERTIFICATE OF SERVICE

I, Justin Steffen, attorney for Plaintiff's served a true and correct copy of Plaintiff's

Motion for Preliminary Injunction and the Declaration of Joan Schrader on Defendant via email

to his attorney, Dylan Hallman at Dylan.hallman@doj.state.or.us on 1/11/23.

Dated: 1/11/23

By: s/ Justin Steffen
     Justin Steffen
     *Attorney for Plaintiffs*
     Steffen Legal Services, LLC
     2100 SE Lake Rd. #5
     Milwaukie, OR 97222
     971-570-9225
     info@steffenlegal.com